NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1391
_____

UNITED STATES OF AMERICA

v.

GORDIAN A. NDUBIZU,

Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 3:22-cr-00318-001)
District Judge: Honorable Zahid N. Quraishi

_____

Submitted under Third Circuit LAR 34.1(a)
on February 5, 2026

Before: HARDIMAN, MONTGOMERY-REEVES and ROTH, *Circuit Judges*

(Opinion filed  July 29, 2026)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, *Circuit Judge*

Appellant Gordian Ndubizu, who was convicted on eight counts of tax offenses, appeals the District Court's exclusion of five of his trial exhibits. For the reasons that follow, we will affirm the judgment of the District Court.

## I.[1]

On April 28, 2022, Ndubizu was charged with four counts of tax evasion under 26 U.S.C. § 7201 and four counts of making and subscribing false tax returns under 26 U.S.C. § 7206(1). The charges stemmed from alleged misrepresentations Ndubizu made on his 2014–2017 tax returns in connection with his ownership of Healthcare Pharmacy, a New Jersey pharmacy. The indictment alleged that Ndubizu fraudulently inflated Healthcare Pharmacy's costs of goods sold, which decreased its reported earnings and allowed Ndubizu to evade over $1,000,000 in personal income taxes. In addition to misrepresenting Healthcare Pharmacy's income, Ndubizu was alleged to have made false statements on his tax returns by failing to disclose his control over a Nigerian bank account for the company Ndubizu Motors Limited.

On July 29, 2024—two weeks before trial—Ndubizu's counsel sent the government five exhibits they intended to admit as evidence, marked D-1 through D-5.[2] Exhibit D-1 was offered as a "Status Report" from the Corporate Affairs Commission, the Nigerian government's entity that maintains corporate records. The Status Report purported to

---

[1] Because we write for the parties, we recite only those facts relevant to our disposition.
[2] Ndubizu's counsel also sent the government a sixth exhibit, marked D-6, which was withdrawn after the government objected to its admission as inadmissible hearsay. That exhibit's admissibility is not at issue in this appeal.

2

provide company details for Ndubizu Motors Limited and included an attestation to the report's truthfulness and the signature of the Corporate Affairs Commission's Registrar General. Ndubizu intended to introduce the Status Report to show that he was removed as a director of Ndubizu Motors Limited in 2013 and thus did not make false statements on his tax returns.

Exhibits D-2 through D-5 (the "Accounting Records") are documents on the letterhead of a Nigerian accounting firm that purportedly contain accounting information for Healthcare Pharmacy. Ndubizu sought to introduce the Accounting Records to prove that he relied on the accounting firm's work product in composing the handwritten ledgers he provided to his tax preparer.

Before trial, the government moved to exclude the Status Report as lacking proper authentication and the Accounting Records as inadmissible hearsay, which the District Court deferred ruling on until trial. A jury trial commenced on August 12, 2024, on the eight counts originally alleged in the indictment. On August 14, 2024, the District Court agreed with the government and excluded the five contested exhibits. The jury eventually convicted Ndubizu on all counts. This appeal followed.

## II.[3]

We review the District Court's decision regarding the authentication of evidence for abuse of discretion.[4] Although the burden of proof to authenticate a document is "slight,"[5]

---

[3] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.
[4] *United States v. Browne*, 834 F.3d 403, 408 (3d Cir. 2016).
[5] *Link v. Mercedes-Benz of North America, Inc.*, 788 F.2d 918, 927 (3d Cir. 1986).

3

the party seeking authentication must produce "evidence sufficient to support a finding that the item is what the proponent claims it is."[6]

Ndubizu points to two avenues under the Federal Rules of Evidence which he argues should have warranted the Status Report's authentication. Rule 902(3) allows for self-authentication of foreign public records that are "signed or attested by a person who is authorized by a foreign country's law to do so" and "accompanied by a final certification that certifies the genuineness of the signature."[7] Alternatively, Rule 901(b) allows for authentication via extrinsic evidence, including through testimony of a witness with knowledge "that an item is what it is claimed to be."[8]

Ndubizu argues that the Status Report is self-authenticating under Rule 902(3) because it bears the Corporate Affairs Commission's seal and was signed by the Registrar General. We disagree.[9] Ndubizu advances no argument as to how the Status Report's signed attestation from the Registrar General or Corporate Affairs Commission seal satisfies the final certification requirement for self-authentication of foreign public documents. Indeed, when the District Court asked Ndubizu's counsel at trial why they did not have the Status Report properly certified, he responded "I don't have a good answer

---

[6] *Browne*, 834 F.3d at 408 (quoting Fed. R. Evid. 901(a)).

[7] Fed. R. Evid. 902(3).

[8] Fed. R. Evid. 901(b)(1).

[9] To the extent that Ndubizu's brief can be read as contending that the Status Report could have been authenticated under Fed. R. Evid. 901(b)(4) or (7), we also find no error. In addition to failing to raise these arguments at trial, Ndubizu merely refers to these additional means of authentication without explaining how they "support a finding that the [Status Report] is what [Ndubizu] claims it is." Fed. R. Evid. 901(a).

4

for that."[10]  Because the Status Report does not have the requisite certification for authentication, the District Court did not abuse its discretion in excluding the document under Rule 902(3).

Nor can the Status Report be authenticated under Rule 901(b)(1).  Ndubizu argues that the District Court erred by barring witness testimony from a Nigerian lawyer who allegedly requested and retrieved the Status Report from the Corporate Affairs Commission on Ndubizu's behalf.[11]  But even if the Nigerian lawyer requested and retrieved the Status Report from the Corporate Affairs Commission, the lawyer would have no personal knowledge of the Status Report's creation or its legitimacy.  As the District Court correctly noted, the lawyer was not an employee of the Corporate Affairs Commission—or of the Nigerian government more generally.  Thus, the District Court acted within its discretion when it excluded the Status Report.

### III.

We review de novo the District Court's decision regarding whether a particular document is hearsay.[12]  To constitute hearsay, an out of court statement must be "offer[ed] in evidence to prove the truth of the matter asserted in the statement."[13]  A statement is

---

[10] Appx. 547.
[11] While it seems that Ndubizu sought to use the Nigerian lawyer's testimony to satisfy the Rule 902(3) certification requirement at trial, we accept his argument on appeal that the testimony was also proffered for Rule 901(b)(1) authentication.
[12] *United States v. Price*, 458 F.3d 202, 205 (3d Cir. 2006).
[13] Fed. R. Evid. 801(c)(2).

offered for the truth of the matter asserted even when offered to prove an implied assertion.[14]

Ndubizu argues that the District Court improperly excluded the Accounting Records as hearsay because he was not offering the records for their truthfulness.[15] Instead, Ndubizu contends they were offered to prove that he relied on the records in creating the handwritten ledgers he submitted to his tax preparer. We are not persuaded by this argument. For Ndubizu to establish that he relied on the Accounting Records, the District Court would need to accept as true that those records were prepared by the Nigerian accounting firm. The Accounting Records need not explicitly state this assertion to constitute hearsay because courts can exclude a statement as hearsay when its "probative value depends on the truth of an assumed fact it implies."[16] Accordingly, the District Court did not err when it excluded the Accounting Records as inadmissible hearsay.[17]

For the foregoing reasons, we affirm the District Court's order.

---

[14] *United States v. Reynolds*, 715 F.2d 99, 104 (3d Cir. 1983).

[15] Ndubizu also argues that the District Court should have authenticated the Accounting Records, but we need not reach this issue because authentication would not resolve the underlying hearsay problem.

[16] *Reynolds*, 715 F.2d at 103.

[17] Although 18 U.S.C. § 3505 offers a hearsay exception for foreign business records, Ndubizu did not obtain the requisite certification needed to accompany the Accounting Records. *See* 18 U.S.C. § 3505(a).